UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHELLY BAEZ,<br><br>                       Plaintiff,<br><br>v.<br><br>SOIGNEE K, LLC, INDIAN FASHION<br>HOUSE, LLC and SOIGNE KOTHARI,<br><br>                       Defendants. | Civil Action No. 11 CIV 9493 (RJS)<br><br><br><br>**DEFENDANTS' ANSWER AND<br>AFFIRMATIVE DEFENSES TO AMENDED<br>COMPLAINT, AND AMENDED<br>COUNTERCLAIM** |

Defendants, Soignee K, LLC, Indian Fashion House, LLC and Soignee Kothari ("Kothari") (collectively, the "defendants"), through their counsel, herein respond to plaintiff's Amended Complaint ("Complaint"), as follows:

## NATURE OF THE ACTION

1.      Except to deny any allegations of wrongdoing, defendants state that the allegations of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.  Further, defendants deny the appropriateness or permissibility of the relief sought by plaintiff.

2.      Except to deny any allegations of wrongdoing, defendants state that the allegations of Paragraph 2 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.  Further, defendants deny the appropriateness or permissibility of the relief sought by plaintiff.

## JURISDICTION AND VENUE

3.      Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 of the Complaint, and shall thereby leave the plaintiff to her proofs.

4.      Except to deny any allegations of wrongdoing, defendants state that the allegations of Paragraph 4 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

5.      Except to deny any allegations of wrongdoing, defendants state that the allegations of Paragraph 5 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

## THE PARTIES

6.      Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Complaint, and shall thereby leave the plaintiff to her proofs.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit only that Indian Fashion House does business at 717 Madison Avenue, New York, New York. The remainder of this paragraph is denied.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants state that the allegations of Paragraph 16 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

17.     Defendants state that the allegations of Paragraph 17 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants state that the allegations of Paragraph 20 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

21.     Defendants state that the allegations of Paragraph 21 of the Complaint constitute conclusions of law to which no response is required, and therefore, leave plaintiff to her proofs with respect thereto.

22.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and shall thereby leave the plaintiff to her proofs.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

## STATEMENT OF FACTS

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants have insufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore leave plaintiff to her proofs.

26.     Defendants have insufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore leave plaintiff to her proofs.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Recovery of Overtime Compensation Pursuant to the FLSA)

51.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 50 above as if fully set forth herein.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Recovery of Overtime Wages Pursuant to New York State Law)

59.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 58 above as if fully set forth herein.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Recovery of Commissions)

67.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 66 above as if fully set forth herein.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation Pursuant to FLSA)

74.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 73 above as if fully set forth herein.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Retaliation Pursuant to New York State Labor Law)

79.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 78 above as if fully set forth herein.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Fraudulent Inducement)

84.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 83 above as if fully set forth herein.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 87 of the Complaint, and shall thereby leave the plaintiff to her proofs.

88.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 88 of the Complaint, and shall thereby leave the plaintiff to her proofs.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract)

91.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 90 above as if fully set forth herein.

92.     Defendants admit the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 99 of the Complaint, and shall thereby leave the plaintiff to her proofs.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants admit the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any judgment, damages or relief whatsoever against defendants based upon her alleged cause of action, including the specific relief requested in the Complaint, and submit that defendants should be awarded their costs, attorneys' fees and such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred in whole or in part by the Doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to lack of personal, original and/or subject-matter jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot assert or prove a *prima facie* case of retaliation under federal and New York law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants seek all reasonable fees, costs and sanctions because this action is frivolous and harassing pursuant to Fed. R. Civ. P. 11.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the overtime provisions of the Fair Labor Standards Act and New York Labor Law and, therefore, not entitled to overtime pay during all relevant periods.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not a "commissioned salesperson" as defined by New York Labor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, as alleged in the Complaint, were proximately caused by plaintiff's own actions, and plaintiff's actions bar any recovery by plaintiff against defendants.

## TWELFTH AFFIRMTIVE DEFENSE

The cause of plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission by defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived its rights to assert any claims against defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and/or collaterally estopped from asserting any claims against defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the specific relief requested in the Complaint or to any judgment entered in its favor against defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages attributable to the actions of defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duties which it may have owed to plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because defendants acted in good faith and did not violate any rights that may be secured to plaintiff under federal, State or local laws, rules or regulations, including the Fair Labor Standards Act and the New York Labor Laws.

## TWENTIETH AFFIRMATIVE DEFENSE

Any actions taken by defendants were reasonable, legally justified, privileged and not in violation of any law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants' actions were neither willful nor malicious, nor in disregard of plaintiff's rights.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are based on non-working time.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiff may be barred by payment, setoff and/or accord and satisfaction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all relevant times, plaintiff's employment was at will.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert such additional affirmative defenses as may become apparent through further investigation or discovery.

## AMENDED COUNTERCLAIM

Defendants/Counterclaim Plaintiffs, Soignee K, LLC, Indian Fashion House, LLC and

11

Soignee Kothari ("Kothari") (collectively, the "defendants"), say by way of Counterclaim against plaintiff/Counterclaim Defendant, Rochelly Baez ("plaintiff"), as follows:

1.      Defendants repeat and re-allege the admissions, denials and averments stated above as if they were fully pled herein.

2.      Jurisdiction and venue are not in dispute as plaintiff has formally appeared in this case and, therefore, consented to the jurisdiction and venue of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Conversion)

3.      Defendants repeat and reallege the allegations contained in Paragraphs 1 through 3 of the Counterclaim as if set forth fully herein.

4.      During plaintiff's employment, plaintiff purchased various clothing items for her own personal use by utilizing the funds of the defendants.

5.      Defendants had an immediate and superior right of possession to the funds that plaintiff used to purchase such items.

6.      Plaintiff exercised unauthorized dominion over the defendants' funds in question to the exclusion of defendants' rights.

7.      Plaintiff failed to return the unlawfully converted funds to defendants.

8.      Plaintiff's resulting conversion of the property of the defendants has caused actual damages in an amount to be proven at trial. Further, plaintiff's willful and gross violation of the defendants' rights should also be punished by an award of punitive damages.

## RELIEF REQUESTED

**WHEREFORE,** defendants demand judgment: (i) dismissing the Complaint in its entirety; (ii) awarding to defendants the costs and disbursements of this action; (iii) awarding defendants the relief requested in their Counterclaim; and (iv) granting such other relief as this Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, defendants hereby demand a jury trial on all claims alleged by plaintiff, and defendants' defenses and counterclaim.

Respectfully Submitted,

ARCHER & GREINER, P.C.
Attorneys for Defendants,
  Soignee K, LLC, Indian Fashion House, LLC
  and Soigne Kothari

By:   s/Patrick Papalia
        Patrick Papalia
        Court Plaza South – West Wing
        21 Main Street, Suite 353
        Hackensack, NJ 07601
        Telephone: (201) 342-6000
        Telefax: (201) 342-6611

Dated: March 20, 2012
8226855v1

13